UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
CAREN BIBERMAN,

                    Plaintiff,

      - against -

BRETT ROBINSON as President of the Board
of Managers of THE 125 MAIDEN LANE
CONDOMINIUM,

                    Defendant.
------------------------------------------------------------------x

21 Civ. 4862 (LLS)

AMENDED COMPLAINT

(Plaintiff requests a trial by jury.)

      Plaintiff, by her attorney, STANLEY K. SHAPIRO, complaining of defendant, alleges the following upon information and belief:

### The Parties

      1. Plaintiff Caren Biberman is an adult female residing at 1357 Sawgrass Drive, Mays Landing, New Jersey.

      2. On information and belief, defendant Brett Robinson was and is the President of the Board of Managers of The 125 Maiden Lane Condominium, a condominium association duly organized and existing under and pursuant to the Laws of the State of New York for the real property known as 125 Maiden Lane, a/k/a Water Street Plaza a/k/a 150 Water Street, New York, NY ("125 Maiden Lane Condominium").

### Jurisdiction and Venue

      3. Federal jurisdiction is predicated on diversity of citizenship, 28 U.S.C. § 1332. This action is of a civil nature involving, exclusive of interest and costs, a sum in excess of $75,000. The matter in controversy herein is wholly between citizens of different States.

4. Venue is appropriate in this district pursuant to 28 U.S.C. §1391(b)(2), in that a substantial part of the events and omissions giving rise to the claim occurred in this judicial district.

### As and For a Cause of Action

5. On information and belief, on and before February 24, 2020, and at all times herein mentioned, The 125 Maiden Lane Condominium was owner of the premises and corner real property known as 125 Maiden Lane a/k/a Water Street Plaza a/k/a 150 Water Street (the "Real Property"), in the County of New York, State of New York.

6. The sidewalk abutting the Real Property known as 125 Maiden Lane, extending on Water Street up to the north-west corner of Water Street and Maiden Lane, was and is a public sidewalk.

7. The said corner Real Property was occupied as a Multiple Dwelling with more than three residential apartments living independently, and also was occupied by non-residential commercial use units.

8. At all time mentioned herein, The 125 Maiden Lane Condominium had a duty to maintain the public sidewalk abutting the Real Property in a reasonably safe condition.

9. On February 24, 2020, and for an unreasonable length of time prior thereto, there was present upon the sidewalk abutting the Real Property known 125 Maiden Lane, a dangerous, unsafe, hazardous and defective trip and fall condition of the concrete sidewalk, involving uneven, unlevel, irregular, rutted, crooked, elevated, irregular, depressed, cracked, broken, sunken, defective sidewalk flags.

10. On February 24, 2020, plaintiff was a lawful pedestrian walking on the said sidewalk abutting the Real Property known as 125 Maiden Lane, on the west side of Water Street, walking toward the corner of Water Street and Maiden Lane, New York, NY.

11. On February 24, 2020, as plaintiff was lawfully a pedestrian on the sidewalk abutting the Real Property known 125 Maiden Lane she was caused to trip and fall by reason of the said dangerous and defective condition existing on the sidewalk abutting the Real Property, causing plaintiff to fall to the ground with great force and violence, and to sustain serious personal injuries thereby.

12. The aforementioned accident occurred as a result the negligence, carelessness, recklessness and failure to exercise ordinary care of The 125 Maiden Lane Condominium, and its failure to maintain the public sidewalk abutting the Real Property in a reasonably safe condition, in violation of the New York City Administrative Code.

13. The 125 Maiden Lane Condominium, its employees, agents and/or servants, negligently and recklessly caused, created, permitted and/or failed to remedy the said dangerous, defective and hazardous tripping condition existing at the sidewalk abutting the Real Property.

14. On and before February 24, 2020, The 125 Maiden Lane Condominium breached its duty by failing to maintain such sidewalk in a reasonably safe condition.

15. Plaintiff pedestrian was caused to trip and fall due to an unsafe, dangerous, defective condition of the concrete sidewalk, to wit, raised, uplifted, uneven, unlevel, irregular, rutted, crooked, elevated, irregular, depressed, cracked, broken, sunken, defective sidewalk flags, and become injured due to the negligence, carelessness and recklessness of the abutting property owner The 125 Maiden Lane Condominium, its

agents, servants and/or employees; in causing, permitting and allowing the said unsafe, dangerous, defective and obstructed condition, tripping hazard of the aforementioned concrete sidewalk; by negligent failure to reconstruct, repave, repair or replace defective sidewalk flags; by failure to reasonably and properly repair and maintain; and in making and deriving special use thereat, and failing to maintain the sidewalk, causing and contributing to the dangerous, defective condition and disrepair of the said abutting public sidewalk.

16. The 125 Maiden Lane Condominium had actual and/or constructive notice of said dangerous, unsafe, hazardous, defective and unlawful condition of the abutting sidewalk for an unreasonably long period of time prior to the happening of the aforesaid accident.

17. The aforementioned occurred as a result of the negligence, carelessness and recklessness of The 125 Maiden Lane Condominium, its agents, servants and/or employees, in the ownership, operation, maintenance, management, control, design, construction, repair and inspection of the aforementioned abutting sidewalk; in creating, maintaining and permitting a dangerous, defective, negligent and unlawful condition to exist in said public sidewalk at and abutting the Real Property as the abutting property owner of 125 Maiden Lane a/k/a 150 Water Street, and making special use thereof; in failing to protect the public in general and plaintiff in particular from defects, hazards and obstructions on the abutting sidewalk; in failing to exercise proper care in the maintenance, repair, design, construction, control and operation of the abutting sidewalk and public walkway; in causing, creating, permitting and failing to remedy an unsafe condition of the sidewalk; in failing to remedy, install, construct, reconstruct, repave, repair, or replace defective sidewalk flags; in failing to reasonably warn pedestrians of the dangerous

conditions on the said sidewalk of which The 125 Maiden Lane Condominium had actual and/or constructive notice; in failing to protect the public in general and plaintiff in particular from defects; in negligently permitting a dangerous condition to exist; in failing to institute appropriate inspection, maintenance, repair and safety measures at or about the site of the occurrence; and causing, creating and permitting to exist a dangerous and hazardous condition to remain at the aforesaid location for an unreasonable length of time; and in otherwise being careless and negligent under the circumstances.

18. By reason of the aforesaid occurrence, plaintiff suffered permanent, serious and disabling injuries, including suffering fractures of her left elbow and left knee, with destruction and impairment of the necessary and vital parts of plaintiff's anatomy which are essential for normal functioning, became sick, sore, lame, scarred and disabled, and suffered and continues to suffer excruciating pain and suffering, was compelled to and continues to require medical and surgical treatment and expense, and has in the past and may in the future continue to be disabled from performing her daily activities, avocations and household chores, and has sustained other consequential damages, all to her damage in the sum of FIVE MILLION DOLLARS ($5,000,000).

19. On information and belief, the limitations on liability set forth in CPLR Section 1601 do not apply to this action by reason of one or more of the exemptions set forth in CPLR Section 1602.

WHEREFORE, plaintiff demands judgment against defendant for damages in the amount of FIVE MILLION DOLLARS ($5,000,000), or such amount in excess of the jurisdictional limit of this court as the jury or trier of fact shall deem fair and just, together costs and disbursements of this action.

Plaintiff requests a trial by jury.

Dated: New York, New York
April 6, 2022

/s/ *Stanley K. Shapiro*
STANLEY K. SHAPIRO, Esq.
Attorney for Plaintiff
225 Broadway, Suite 1803
New York, New York 10007
(212) 693-1076